

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MTK
F. #2016R00614

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 26, 2019

<u>By Hand and ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Martin Shkreli</u>
                <u>Criminal Docket No. 17-404 (KAM)</u>

Dear Judge Matsumoto:

      The government respectfully submits this letter in advance of the defendant Martin Shkreli's sentencing in the above-captioned case, which is scheduled for March 15, 2019 at 11:00 a.m.  On February 15, 2018, the defendant pleaded guilty pursuant to a plea agreement before the Honorable Steven L. Tiscione, U.S.M.J., to the sole count of an information charging him with a currency reporting violation, in violation of 31 U.S.C. § 5324(b)(1).  For the reasons set forth below, the government respectfully requests that the Court accept the defendant's guilty plea and impose a sentence of three years' probation.

I.    <u>Background</u>

      The Pre-Sentence Investigation Report ("PSR") accurately sets forth the offense conduct.  On April 8, 2017, the defendant Albert Veliu received $150,000 in cash from a DEA confidential source who represented the funds to be proceeds of narcotics trafficking.  PSR ¶ 12, 22.  On April 21, 2017, the defendant provided Veliu with a check for $135,000 in exchange for the cash provided by the confidential source.  <u>Id.</u> at 17.  Prior to writing the check, the defendant asked Veliu to provide a fraudulent certificate of insurance that could be used to support the illicit payment.  <u>Id.</u> at 25.  The confidential source subsequently provided Veliu with paperwork for a company named "Temaco Electronics Corporation."  The check provided to the confidential source was written on the account of the defendant's company, Alba Group Incorporated, and was payable to "Temaco Electronics."  <u>Id.</u> ¶ 26.  Thereafter, Veliu provided the DEA confidential source with the check written by the defendant.  <u>Id.</u>  Despite being aware of the currency reporting requirements, at no time after receiving the cash did the defendant file the necessary reports with the Internal Revenue Service.

II.  Guidelines Calculation

The government agrees with the Guidelines calculation set forth as follows in the PSR:

| | |
|---|---:|
| Base Offense Level (§ 2S1.3(a)(2)) | 6 |
| Plus: Funds exceeded $95,000 (§ 2B1.1(b)(1)(E)) | +8 |
| Minus: Minor Role (§ 3B1.2(b)) | -2 |
| Total: | 12 |

The Probation Department calculated that the defendant's criminal history score is 0, and that his criminal history category therefore is I.  PSR ¶ 65.  After two levels are subtracted from the total offense level of 12 to reflect the defendant's acceptance of responsibility, the resulting offense level is 10.  This results in an applicable Guidelines range of 6 to 12 months' imprisonment.

III.  Analysis

The government respectfully submits that a sentence of three years' probation is appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).  Interpreting the Supreme Court's decision in United States v. Booker, the Second Circuit has held that "sentencing judges remain under a duty with respect to the Guidelines . . . to consider them, along with the other factors listed in section 3553(a)."  United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).  "While district courts enjoy discretion following Booker, that discretion must be informed by the § 3553(a) factors[.]"  Id. at 132 (internal quotation marks omitted).  In this case, the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a probationary sentence.

A sentence of three years' probation is appropriate because it reflects the seriousness of the defendant's crime of failing to file the required currency reports, while also accounting for his acceptance of responsibility in pleading guilty, and his personal history and characteristics.  The defendant is a naturalized U.S. citizen who appears to come from a supportive family.  Prior to his involvement in the charged conspiracy, he had steady legal employment that paid well, including the ownership of a successful construction company.

Additionally, a sentence of probation will serve the goal of both specific and general deterrence.  This prosecution itself is meaningful punishment that will likely deter the defendant from reoffending.  In addition, even a probationary sentence will serve the goal of general deterrence because others who are tempted to participate in such criminal activities will understand that the consequences of such conduct include a felony conviction and its collateral consequences.

IV.     Conclusion

        For the reasons set forth above, the government respectfully requests that the Court sentence the defendant to three years' probation.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/
        Michael T. Keilty
        Assistant U.S. Attorney
        (718) 254-7528

cc:    Brian Waller, Esq. (by ECF)
       Clerk of Court (KAM) (by ECF)